## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHAKA PATRICE EUBANKS, as the Personal Representative of the Estate of Roderick Lydell Eubanks, a/k/a Roderick Lydell Eubanks, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC, f/k/a Freightliner LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE<br>) NO.:_____<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES AND
## DEMAND FOR A JURY TRIAL

COMES NOW Plaintiff Chaka Patrice Eubanks, as Personal Representative of the Estate of Roderick Lydell Eubanks, a/k/a Roderick Lydell Eubanks, Sr. (hereafter referred to as "Plaintiff"), and files this Complaint against Defendant Daimler Trucks North America LLC, f/k/a Freightliner LLC:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Patrice Eubanks is an individual and a citizen of the State of North Carolina. Ms. Eubanks was appointed Personal Representative of the Estate of Roderick Lydell Eubanks, a/k/a Roderick Lydell Eubanks, Sr. on April 20, 2021, by the Probate Court of County of Aiken, State of South Carolina. Ms. Eubanks brings this action on behalf of the Estate of Roderick Lydell Eubanks, a/k/a Roderick Lydell Eubanks, Sr. This action on behalf of the Estate is brought within two years of the Estate of Roderick Lydell Eubanks being established.

2.

Defendant Daimler Trucks North America LLC, f/k/a Freightliner LLC ("Daimler") is a corporation created and existing pursuant to the laws of the State of Delaware with its principal place of business in the state of Oregon. Defendant Daimler was formerly known as, and is successor in interest to Freightliner LLC, which designed, tested, manufactured, distributed and sold the 2004 Freightliner ST120, VIN # 1FUJBBCG44LM40593 (hereinafter "Subject Vehicle") involved in the incident that forms the basis of this Complaint. Defendant Daimler is in the business of designing, testing, manufacturing, distributing and selling Freightliner trucks and is legally responsible for its actions or inactions as set forth herein.

- 2 -

Defendant Daimler is authorized to do business in the State of Georgia and may be served with process through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, GA 30046.

3.

This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district and further because Defendant maintains its registered agent for service of process in a county located within this District and this Division.

5.

Personal jurisdiction and venue are also proper in this Court as to Defendant pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Georgia to subject it to personal jurisdiction in accordance with due process. Defendant voluntarily registered to transact business in this state and maintains a registered agent here such that it is to be treated as a resident for

jurisdictional purposes under Georgia statutory and common law, and further because it intentionally availed itself of the markets within Georgia through the promotion, sale, marketing, and distribution of its products, derived substantial profits from its operations in this State, and the transaction and occurrence giving rise to this case occurred within the State of Georgia.

## FACTUAL STATEMENT

6.

The preceding paragraphs are incorporated as if set forth fully herein.

7.

This Complaint arises out of the injuries to, and death of, Roderick Eubanks in a post-collision fuel-fed fire.

8.

On November 7, 2017, at approximately 6:30 a.m., Mr. Eubanks was operating the Subject Vehicle, towing an empty container northbound on Georgia State Route 61 in Cartersville, Georgia. This stretch of GA 61 is a four-lane highway, with two lanes on each side running in opposite directions.

9.

As Mr. Eubanks approached the route's intersection with Industrial

Park Road, he suddenly came upon a broken down, maroon 1987 Ford Crown

Victoria ("Crown Victoria"), which was unlighted and stationary in the right,

easternmost northbound lane, and collided with that vehicle (hereafter "the

Collision").

10.

The Collision occurred before sunrise and before civil twilight. A

subsequent investigation by the Georgia State Patrol determined that lighting

conditions at the time of the Collision were dark with limited or no ambient light

source available.

11.

Because the Crown Victoria was unlighted and because of the ambient

lighting conditions, Mr. Eubanks either did not perceive the Crown Victoria before

the Collision or perceived the Crown Victoria so shortly before the Collision that

he lacked sufficient time to react and avoid the Collision.

12.

Due to the defective design of the Subject Vehicle and the negligence of

Defendant as alleged hereinbelow, the fuel tank of the Subject Vehicle

ruptured from the impact of the Collision and fuel from the tank erupted in

flames as the Subject Vehicle continued to travel north on State Route 61 and

eventually came to rest on the east shoulder of the roadway.

13.

The fire began after the initial impact as the Subject Vehicle traveled north on GA 61 and ultimately engulfed the entire cab and Mr. Eubanks when the Subject Vehicle came to rest off the roadway.

14.

Because of the fire, Mr. Eubanks was entrapped in the driver compartment, suffered immensely, and burned to death. His body was found in the cab by first responders, burned beyond recognition.

15.

Mr. Eubanks' immediate injuries from the Collision itself, if any, were minor and not life threatening. But for the fire caused by the lack of crashworthiness of the Subject Vehicle in a foreseeable event, Mr. Eubanks would have survived and recovered fully from the Collision.

16.

Mr. Eubanks endured extreme mental and physical pain and suffering as he burned alive while entrapped in the cab.

17.

At all relevant times, it was known to Defendant that their vehicles needed

to be crashworthy during use on public highways and that it is essential that all component parts of the vehicle perform without substantial failure so that occupants involved in collisions are properly protected from grievous injury, including those from post-collision fuel-fed fires. The subject collision, described above, was foreseeable and well within the speeds and forces in which a vehicle manufacturer should make its vehicles crashworthy and able to withstand impact without a rupture of the fuel tank and subsequent fuel-fed fire.

18.

Defendant recklessly and wantonly failed to take steps to design and/or manufacture the Subject Vehicle's structural components and fuel system components in a way that would be crashworthy and protect occupants from post-collision fuel-fed fires in foreseeable front-end collisions like the subject incident.

19.

Defendant also failed to provide adequate warnings to users or consumers of the Subject Vehicle of the dangers of the Freightliner tractor in foreseeable accident scenarios so that such users or consumers could make informed decisions about purchasing and/or continuing to use the product and otherwise properly evaluate the risks in using such a vehicle.

## COUNT I

## Negligence to the Level of Reckless, Wanton Misconduct

20.

Plaintiff realleges the preceding paragraphs as if fully set forth herein.

21.

Daimler's actions, as further shown herein, manifest a willful, reckless or wanton disregard for life or property such that this negligence claim is an exception to the limitations listed in O.C.G.A. § 51-1-11(b)(2) as is stated in O.C.G.A. § 51-1-11(c).

22.

At the time of the Subject Incident, Daimler was engaged in the business of designing, developing, manufacturing, testing, furnishing, inspecting, selling and/or distributing vehicles, including the Subject Vehicle, throughout the United States, including the State of Georgia, for use by the general public.

23.

Daimler owed a duty to the consuming public in general, and Mr. Eubanks in particular, to exercise reasonable care in the design, development, manufacture, testing, furnishing, inspection, marketing and distribution of Freightliner trucks, including the Subject Vehicle, so that its vehicles were free of unreasonable risk of

harm to owners, users, and occupants, including Mr. Eubanks.

24.

Daimler negligently, wantonly and recklessly designed, manufactured, assembled, serviced, inspected, tested or failed to test, marketed, distributed, and sold the Subject Vehicle and its component parts involved in the Subject Incident. At the time of the Collision, the Subject Vehicle, which was in substantially the same condition as when manufactured, furnished, sold and/or distributed, was being used in a foreseeable and intended manner, as it was being driven on the highway. The vehicle was not reasonably safe when being used in a foreseeable and intended manner, but, to the contrary, was defective and unreasonably dangerous to the human body when being so used. Daimler knew, or in the exercise of reasonable care should have known, that the vehicle was unreasonably dangerous to the human body when being so used in a foreseeable manner, as its fuel system and surrounding structural components were not designed to protect the integrity of the fuel system, creating an unreasonable risk of serious injury and death to operators and occupants from fires. Said negligent, wanton and reckless conduct was the proximate cause of the extreme pain and suffering experienced by Mr. Eubanks prior to his death.

25.

At the time Daimler designed, manufactured, assembled, serviced, inspected, tested or failed to test, marketed, distributed, and sold the Subject Vehicle, it had a duty to exercise reasonable care in order to provide a safe product and to design, manufacture, assemble, service, inspect, test, market, distribute, and sell the product so as not to subject operators and occupants of the vehicle to an unreasonable risk of injury, harm or death. Further, Daimler had a duty to foreseeable operators and occupants of the Subject Vehicle to exercise the same degree of care, diligence, and skill in designing, manufacturing, inspecting, testing, marketing, distributing, and selling the Subject Vehicle as other similar entities would have exercised. Defendant breached these duties in regard to the Subject Vehicle in a wanton and reckless manner.

26.

It was foreseeable to Daimler that if it designed, manufactured, distributed, and sold defective and unreasonably dangerous vehicles with defectively designed fuel systems and components, including fuel tanks that were not properly protected and shielded from impact during foreseeable crashes, operators and occupants of such vehicles would be subject to an increased, significant risk of severe personal injury and/or death. Daimler

breached its duty of care and was negligent in the following acts and
omissions:

a.  By failing to design the Subject Vehicle and the structural components in
    the front of the cab so as to limit or restrain the movement of the front
    axle and associated components during a foreseeable collision, including
    alternative designs that included a front axle tether system;

b.  By failing to design the Subject Vehicle to include a front underrun
    protect system that prevented the front axle and associated components
    from being pushed back as a result of a frontal impact and thereby
    rupturing the fuel tanks;

c.  By negligently designing, manufacturing, distributing, and selling the
    Subject Vehicle with fuel tanks that were not properly guarded or
    shielded from impacts during foreseeable collisions;

d.  By negligently failing to consider safer, alternative designs that
    relocated the fuel tanks outside the impact zone;

e.  By negligently designing, manufacturing, distributing, and selling the
    Subject Vehicle with fuel tanks in improper positions and locations,
    which increased the likelihood of impact to the tanks in foreseeable
    crash circumstances;

f.  By negligently designing, manufacturing, distributing, and selling the Subject Vehicle which was unreasonably susceptible to causing a fire in or near the cab in foreseeable and expected collisions;

g.  By negligently designing, manufacturing, distributing, and selling the Subject Vehicle without reasonable protection to operators and/or occupants in foreseeable and expected collisions, including protection from post-collision fuel-fed fires; and/or

h.  By negligently failing to reasonably inspect and test the vehicles to discover defects in them, including adequate crash testing.

27.

The unreasonably dangerous nature of the Subject Vehicle and its component parts as herein described, created a high probability that serious injuries would occur when the vehicle was involved in foreseeable collisions.

28.

Daimler knew, or in the exercise of reasonable care, should have known, of the risks associated with the use and operation of the Subject Vehicle.

29.

At all times relevant herein, the crash impact experienced by Mr. Eubanks in the Collision would not have created the type of injuries he sustained and the

extreme pain and suffering he experienced, but for, the defective condition of the Subject Vehicle when sold and the unsuitability of its fuel tank system and components, as Mr. Eubanks' injuries resulted from the post-collision fuel-fed fire.

30.

By negligently, wantonly and recklessly designing, testing or failing to test, manufacturing, marketing, and selling the Subject Vehicle, Daimler failed to use that degree of care, diligence, and skill as other similar entities in that it failed to conduct adequate testing and to adopt safer, practical, feasible, and otherwise reasonable alternative designs that could have been reasonably adopted and would have prevented Mr. Eubanks' injuries and extreme pain and suffering without substantially impairing the usefulness, practicality, or desirability of the Subject Vehicle and its component parts.

31.

As a direct and proximate result of these negligent acts and omissions rising to the level of recklessness and wantonness, Mr. Eubanks suffered catastrophic injuries and extreme pain and suffering that resulted in his death.

32.

Plaintiff seeks damages from Daimler for Mr. Eubanks' bodily injuries, his

physical, mental and emotional pain and suffering endured by him prior to his death, and any medical, funeral and other necessary expenses, in an amount to be shown by the evidence at trial.

## COUNT II

## Negligent Failure to Warn

33.

Plaintiff realleges the preceding paragraphs as if fully set forth herein.

34.

From the time that the Subject Vehicle was designed, marketed, distributed, sold and placed into the stream of commerce until the present day, Daimler was and continues to be aware of the dangerous and defective design of the Subject Vehicle.

35.

Daimler, as the designer, manufacturer, seller and/or distributor of the Subject Vehicle and its component parts, had a duty to adequately warn the public, including foreseeable operators such as Mr. Eubanks, about the hazards and dangerous conditions related to the use and operation of the Subject Vehicle in its intended manner.

36.

Daimler, as the designer, manufacturer, seller and/or distributor of the Subject Vehicle and its component parts, had and has a continuing duty to warn the public, including foreseeable operators such as Mr. Eubanks, of its defects, risks and dangers such that operators can make informed decisions about use and continued of the product.

37.

The absence of warnings and/or adequate warnings and instructions created an unreasonably dangerous condition and risk to foreseeable owners, operators, and users of the Subject Vehicle that Daimler knew or should have known about in the exercise of ordinary care.

38.

Daimler breached said duty, and failed to warn the public, including foreseeable operators such as Mr. Eubanks, of the unreasonably dangerous condition of the Subject Vehicle.

39.

As a direct and proximate result of the breach by Daimler of its continuing legal duty to warn, Mr. Eubanks was operating the Subject Vehicle at the time of the crash without knowledge of its dangerous and defective condition, and as a

result suffered catastrophic injuries and physical, mental and emotional pain and suffering.

40.

Plaintiff seeks damages from Daimler for Mr. Eubanks' bodily injuries, his physical, mental and emotional pain and suffering endured by him prior to his death, and any medical, funeral and other necessary expenses, in an amount to be shown by the evidence at trial.

## COUNT III

## Punitive Damages

41.

Plaintiff realleges the preceding allegations as if fully set forth herein.

42.

Prior to the Subject Vehicle's design, manufacture, and sale, due to Daimler's knowledge of existing circumstances and conditions, Daimler knew that the fuel tank and its components were inadequately shielded and further that the location of the Subject Vehicle's fuel tank increased the likelihood that the tank would be impacted in foreseeable crash circumstances. Despite this knowledge, Daimler manufactured and sold the Subject Vehicle without proper shielding to protect the fuel tank from such impacts during foreseeable crash

circumstances. Defendant Daimler further failed to warn Mr. Eubanks of its unreasonably dangerous design.

43.

Daimler knew that the design of the Subject Vehicle's fuel-storage system and surrounding structure failed to meet industry standards at the time of manufacture.

44.

Upon information and belief, Daimler knew of other similar catastrophic injuries and deaths arising out of substantially similar and foreseeable collisions involving the defective design of substantially similar Freightliner trucks.

45.

Therefore, Daimler knew there was an unreasonably dangerous propensity for the fuel tank and its components to ignite during a foreseeable collision, thereby creating a significant hazard of serious personal injury or death to foreseeable users, operators, and occupants, including Mr. Eubanks.

46.

As a result of Daimler's conscious disregard for the rights and safety of Mr. Eubanks and/or its willful and wanton conduct laid out in detail above, Mr. Eubanks suffered catastrophic injuries, extreme physical, mental and emotional

pain and suffering, and death.

47.

By having prior knowledge that the fuel tank and its components were inadequately shielded and further that the location of the Subject Vehicle's fuel tank increased the likelihood that the tank would be impacted in foreseeable crash circumstances, by having prior knowledge of the catastrophic results that a fuel-fed fire could cause, by having prior knowledge or reasonable alternative designs, and by not using such designs and by placing the Subject Vehicle in the stream of commerce in that defective condition and failing to warn consumers of its dangers including specifically Mr. Eubanks, Daimler engaged in willful misconduct, malice, fraud, wantonness, oppression or that entire want of care raising the presumption of conscious indifference to the consequences with regard to Roderick Eubanks. Therefore, Plaintiff is entitled to an award of punitive damages against Defendant to deter such improper conduct in the future.

**WHEREFORE,** Plaintiff prays for the following relief:

a)    That summons issue requiring the Defendant to appear as
       provided by law and to answer the allegations of this
       Complaint;

b)   That Plaintiff be awarded all compensatory damages to which

the Estate of Mr. Eubanks is entitled to recover under Georgia

law, including physical and emotional pain and suffering

incurred prior to death, medical expenses and funeral expenses

in an amount to be proved at trial;

c)   That Plaintiff be awarded punitive damages from Defendant in

order to punish Defendant for its past misconduct and to deter it

from engaging in similar misconduct in the future, and that said

damages shall be awarded in such an amount as may be shown by

the evidence and determined in the enlightened conscience of the

jury, and in an amount that comports with the United States and

Georgia Constitutions;

d)   That Plaintiff have a trial by jury of all issues so triable; and

e)   For such other and further relief as this Court deems just and

appropriate.

Respectfully submitted this 26th day of January, 2022.

**CONLEY GRIGGS PARTIN LLP**

*/s/ Scott Farrow*
CALE CONLEY
Georgia Bar No. 181080
SCOTT FARROW
Georgia Bar No. 256019
L'ZANDRA JONES
Georgia Bar No. 305294
4200 Northside Parkway N.W.
Building One, Suite 300
Atlanta, Georgia 30327
Telephone: (404) 467-1155
Facsimile: (404) 467-1166
cale@conleygriggs.com
scott@conleygriggs.com
zan@conleygriggs.com

Counsel for Plaintiff Chaka Patrice
Eubanks, as Personal Representative of
the Estate of Roderick Lydell Eubanks,
a/k/a Roderick Lydell Eubanks, Sr.